**Rodrigo AGUILAR–VERGARA,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–71856.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 9, 2011.

Edgardo Quintanilla, Quintanilla Law Firm, Inc., Sherman Oaks, CA, for Petitioner.

OIL, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Rebecca Ariel Hoffberg, Esquire, Trial, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Rodrigo Aguilar–Vergara, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004), and we review de novo ineffective assistance of counsel claims, *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Aguilar–Vergara's motion to reopen because Aguilar–Vergara failed to show he was prejudiced by his former counsel's withdrawal of his asylum application. *See Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858–59 (9th Cir.2004) (to reopen because of ineffective assistance of counsel, petitioners must show that counsel's performance was so inadequate that it may have affected the outcome of the proceedings); *see also Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

Aguilar–Vergara's contentions that the BIA erred by applying an incorrect legal standard and by making an improper adverse credibility determination are belied by the record.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.